UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH ZARGARY,

                            Plaintiff,

-against-                                      00 Civ. 897

                                            **MEMORANDUM OPINION**
                                            **AND ORDER**

THE CITY OF NEW YORK, et al.,

                            Defendants.

---

Pursuant to Federal Rules of Civil Procedure 59(a)(2),[1] 59(e), 60(b)(1), and 60(b)(6), plaintiff moves to alter or amend the judgment in this case, or, in the alternative, for a new trial. For the following reasons, the Court denies the motion.

Motions for a new trial under Rule 59(a) "are committed to the sound discretion of the district court," *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 143 (2d Cir. 1998), and should only be granted for substantial reasons such as a "manifest error of law or mistake of fact," *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995) (internal quotation marks and citation omitted). In bench trials, motions under Rule 59(e) are essentially motions for reconsideration. *See White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982). In either case, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Sequa Corp.*, 156 F.3d at 143; *see Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n.5 (2008).

---

[1] Although plaintiff actually cites Rule 59(b)(2) in her brief, the Court assumes this is a typographical error. There is no Rule 59(b)(2), and Rule 59(a)(2) provides parties with the right to petition courts for a new trial.

By way of background, a one-day bench trial was held in this matter on July 30, 2008. The sole issue remaining for trial was whether defendant New York City ("the City") had municipal liability under Section 1983 because Department of Corrections ("DOC") officers had removed plaintiff's religious headdress prior to taking an intake photograph at a prison facility subsequent to her arrest.[2] *See generally* Michael G. Collins, *Section 1983 Litigation* 100–119 (3d ed. 2006). Plaintiff's underlying constitutional claim arose under the Free Exercise Clause whereby plaintiff asserted that the municipal custom or practice of removing a religious head covering before intake photographs were taken impinged upon her religious freedom and was not "reasonably related to legitimate penological interests." *Salahuddin v. Goord*, 467 F.3d 263, 274 (2d Cir. 2006) (internal quotation marks and citation omitted). By Memorandum Opinion and Order dated April 20, 2009 ("the Opinion"), the Court granted judgment to the City, finding that legitimate penological interests were served by the DOC's reasonable procedure for photographing detainees. Familiarity with the Opinion is presumed.

Plaintiff now moves to alter or amend the judgment, or for a new trial, because "[t]he Court provided an incomplete analysis of the Free Exercise Clause" in its Opinion by failing to "provide[] an analysis of [plaintiff's] right to confer with a religious advisor." (Pltf.'s Br. 3.) It has never been plaintiff's claim, however, that her rights under the Free Exercise Clause were independently violated by the City because she was unable to speak with a rabbi on the night in question. In her motion for summary judgment, the only municipal policy she attacked was the custom or practice regarding removal of her headscarf. (*See* Pltf.'s Summ. J. Br. 7–11 (municipal liability premised on

---

[2] All other claims against the City and various individual corrections officers had been dismissed on summary judgment. (*See* Tr. of June 17, 2008 Hearing ("Tr.") 33–43.)

"clearly established . . . custom and practice as to the removal of religious head coverings").) Indeed, the absence of a rabbi is not even *mentioned* in plaintiff's reply brief in support of her motion for summary judgment against the City. (*See generally* Pltf.'s Summ. J. Reply Br., Part D, "Municipality Is Liable Under § 1983.") While plaintiff has highlighted trial testimony concerning plaintiff's request and defendant's failure to produce a rabbi on the night in question, plaintiff never offered evidence of how the City's custom or practice regarding the provision of religious advisors violates the Free Exercise Clause—a necessary element of Section 1983 claims against a municipality. Rather, as noted in her brief, plaintiff argued at trial that because provision of a rabbi might have ameliorated the burden on plaintiff's rights, there were alternatives to simply removing her headscarf for the intake photo. (Pltf.'s Br. 10.) But whether or not defendant's practice of removing headscarves violated the Free Exercise Clause is the very issue the Court resolved at trial. It is inconsistent with Rule 59 to now claim a different violation of plaintiff's Free Exercise rights. *See Sequa Corp.*, 156 F.3d at 143.

Even if plaintiff had advanced an independent claim of municipal liability based on defendant's failure to provide a rabbi, the claim would have failed on the merits. Defendant does not dispute that plaintiff had the right to consult with a religious advisor while incarcerated (*see* Def.'s Br. 2), and the Court agrees that such consultation is an important aspect of religious expression. *See Griffin v. Coughlin*, 743 F. Supp. 1006, 1027 (N.D.N.Y. 1990). Plaintiff cites no case, however, for the proposition that the Free Exercise Clause requires defendant to provide access to a religious advisor within a certain period of time or to delay prison administration while a religious advisor is obtained. The Court concludes that defendant's alleged policy of providing religious

advisors during business hours and in emergencies is "reasonably related to legitimate penological interests" under the standard articulated in *Turner v. Safley*, 482 U.S. 78, 89 (1987). The City's failure to provide plaintiff with a rabbi at 3:30 a.m., or to suspend the intake process until a rabbi was available, was not a violation of her Free Exercise rights.

There is a more fundamental flaw with plaintiff's theory of municipal liability. Plaintiff claims that one of the prison officers (Capt. Favours) failed to pass along her request for a religious advisor to the Deputy Warden and that this failure violated "proper established procedure." (Pltf.'s Br. 6.) Leaving aside the absence of evidence that a policy as described by plaintiff existed, or that Capt. Favours violated it,[3] *Monell* liability under Section 1983 does not arise out of the allegedly unconstitutional acts of an employee that are contrary to a municipality's alleged policy. *Acquaah v. State Univ. of New York Health Science Ctr. at Brooklyn*, No. 99-7350, 1999 WL 1022495, at *1 (2d Cir. 1999) (citing *Powell v. Gardner*, 891 F.2d 1039, 1045 (2d Cir. 1989)).

Plaintiff's motion for relief from a final judgment pursuant to Rule 60 fares no better. A motion under Rule 60(b) "is addressed to the sound discretion of the trial court and may only be granted on a showing of exceptional circumstances." *Prince of Peace Enterprises, Inc. v. Top Quality Food Market, LLC*, 496 F. Supp. 2d 354, 356 (S.D.N.Y. 2007). "In evaluating a Rule 60(b) motion, the courts of this circuit also require that the evidence in support of the motion be highly convincing . . . and that no undue hardship be imposed on the other parties as a result." *Id.* The Court concludes that the two "mistakes" plaintiff highlights—misstating plaintiff's argument for alternatives to removal of the headscarf and selectively citing a videotape of the incident—do not come

---

[3] Plaintiff's Section 1983 claims against Capt. Favours and other individual corrections officers were dismissed before trial on the grounds, *inter alia*, of qualified immunity. (Tr. 36–37.) The Court sees no basis to revisit that ruling with regard to any of the officers' actions on the night in question.

4

close to meeting this high standard. The fact that the Court did not review in the Opinion each argument raised by plaintiff hardly means that the Court did not consider them. Moreover, by remarking in his closing argument that removing the headscarf was not "necessary," plaintiff's counsel suggests a standard that is not applicable here. Defendant's practice need not be "necessary" for the advancement of a compelling government interest, but only "reasonably related to legitimate penological interests." *Salahuddin*, 467 F.3d at 274. Regarding the videotape, the Court considered the entirety of the videotape in reaching its decision, and merely quoted and summarized those portions that it deemed particularly relevant—much as plaintiff's counsel does with other evidence. To the extent plaintiff is concerned that the entire videotape is not a part of the record for the purposes of appeal, the Court incorporates the tape in its entirety.

## CONCLUSION

For the reasons given, plaintiff's motion to alter or amend the judgment in this case, or, in the alternative, for a new trial **[105]** is DENIED.

SO ORDERED.

Dated: New York, New York
January 26, 2010

Richard J. Holwell
United States District Judge